IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MILLER ELECTRIC CONSTRUCTION, INC., )
)
      Appellant, )
)
vs. ) Civil Action No. 10-397
)
ZAMBRANO CORPORATION[1] and EUGENE, )
ZAMBRANO, III, )
)
      Appellees. )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Appellant, Miller Electric Construction, Inc., filed a Motion for Rehearing pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure and Rule 6 of the Federal Rules of Appellate Procedure. (Doc. No. 7). Therein, Appellant seeks a rehearing of my June 14, 2010, order affirming the decision of the Bankruptcy Court. Appellant seeks this rehearing "[d]ue to a change and explanation of controlling law and that a manifest injustice would occur." (Doc. No. 7, ¶5).

The parties agree that motions for rehearing should only be granted if: 1) there has been an intervening change in controlling law; 2) there is new evidence; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice. *In re Lisanti Foods, Inc.*, No. 04-3868, 2006 WL 2927619, *4 (D.N.J. Oct. 11, 2006).

Appellant argues that *Trevdan Building Supply v. Toll Brothers, Inc.,* is an intervening change in Pennsylvania law. No. 05-24499, 2010 WL 2142836 (Pa. Super. May 28, 2010). (Doc. No. 8, pp. 3-7). I disagree. First, *Trevdan Building Supply* came out three weeks prior to my order of June 14, 2010. (Doc. No. 6). As a result, it is not an intervening change.

---
[1]Although not a named party in the appeal, the Order from which pending appeal arises substituted the Trustee of the Estate of Zambrano Corporation, Rosemary C. Crawford, as the party Plaintiff in the Adversary Case. (Docket No. 9-1, p. 2).

Second, I agree with Appellees that *Trevdan Building Supply* did not change controlling law or overrule any existing appellate court decision but, rather, the Superior Court merely applied existing law to the facts of its case. Third, *Trevdan Building Supply* is not relevant to the instant case because it deals with funds still in the possession of the project owner while the instant case deals with converted funds.

Furthermore, I am unpersuaded that manifest injustice will occur. Consequently, there is no basis for a rehearing.

THEREFORE, this 27th day of July, the Motion for Rehearing (Doc. No. 7) is denied.

                    BY THE COURT:

                    s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States District Judge